a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| D'ANGELO LEE, Plaintiff | CIVIL ACTION NO. 1:18-CV-1018-P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Pro se Plaintiff, D'Angelo Lee ("Lee") (#37112-177), filed suit under the Federal Tort Claims Act ("FTCA"). Lee is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Fort Worth, Texas. Lee complains that he received negligent medical care while he was incarcerated at the Federal Correctional Institution in Pollock, Louisiana.

Because Dr. Rayburn is not a United States employee, the Court lacks jurisdiction over Lee's claims.

I.  Background

Lee alleges that Dr. Rayburn was authorized by the BOP to perform "outpatient exploration of left upper back of Plaintiff to surgically remove lipoma for biopsy." (Doc. 6, p. 3). Lee claims that Dr. Rayburn actually performed an unauthorized surgical procedure by "removing a herniation of the muscle through facial defect of the latissimus dorsi." (Doc. 6, p. 3). According to Lee, Dr. Rayburn is a surgeon at St. Francis Cabrini Hospital in Alexandria, Louisiana. (Doc. 1, pp. 3-4; Doc. 1-2, p. 14).

## II. Law and Analysis

The United States enjoys sovereign immunity from suit. The Court may assert jurisdiction over claims against the United States only where the Government has waived its immunity. Broussard v. United States, 989 F.2d 171, 173 (5th Cir. 1993). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." Linkous v. United States, 142 F.3d 271, 275 (5th Cir. 1998) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)).

The FTCA waives immunity for tortious acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). For purposes of the FTCA, an "employee of the government" includes "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. The FTCA, however, does not extend to acts of independent contractors. See Linkous, 142 F.3d at 275.

Thus, the United States is immune from suit for the actions of persons who are not United States employees. "[I]f the act was not committed by an 'employee of the Government,' then the court must dismiss for lack of subject matter jurisdiction." See Linkous, 142 F.3d at 275 (citing Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993)).

Lee does not allege that Dr. Rayburn is a BOP doctor or employee of the United States. Rather, Lee alleges that Dr. Rayburn is a surgeon at St. Francis Cabrini Hospital. (Doc. 1, pp. 3-4). The operative report submitted by Lee also indicates that Dr. Rayburn is a physician at St. Francis Cabrini Hospital. (Doc. 1-2, pp. 14-16). According to a letter Lee received from the United States Department of Justice, Dr. Rayburn is not a United States employee. (Doc. 1-2, p. 2). Lee does not provide any allegations or documents contradicting the Government's assertion or otherwise indicating that Dr. Rayburn is a United States employee. Therefore, even assuming Lee's allegations are true, the United States is immune from suit for the alleged negligence of Dr. Rayburn.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 5th day of November, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge